# EXHIBIT A

**Jesica P. Fico**

---

| | |
|---|---|
| **From:** | Andrew DeWeese <andrew@andrewdeweese.com> |
| **Sent:** | Sunday, August 4, 2024 3:15 PM |
| **To:** | Ed Carlstedt; Nicholas S. Andrews |
| **Cc:** | marcus estes; Margaret F. England; Steph Barnhart |
| **Subject:** | Metrc adv. Estes - conferral request |

**Caution: Originated Outside FordHarrison.**

Ed and Nick,

I write to set up conferral on two items. First, we intend to move the court to certify the order denying our motion to dismiss for interlocutory appeal, and to stay this matter pending that appeal. There is significant difference in opinion between this court and other courts that have ruled on the same issues; for example, the *Mainline* case we cited in our motion seems squarely on point relative to the corporate shield doctrine, but the court didn't discuss that doctrine in its order. Thus, although I am sure you don't agree that the order should be reversed, perhaps you will agree that the criteria for seeking an interlocutory appeal and stay have been satisfied.

Second, as you know, we've been ordered to file an Answer and the parties are required to engage in early mediation. I'm in favor of mediation and we can certainly file an answer. However, Mr. Estes has significant claims against your clients. It may be in everyone's best interests to resolve this matter before the allegations of those claims are a matter of public record. I am concerned that if we are required to file counterclaims along with our answer (which appears to be the case under FRCP 13), mediation may be less productive than it otherwise might be. Of course, we will communicate to you the substance of the allegations confidentially prior to mediation to give your client adequate time to consider them. I also think that in-person mediation in Florida, preferably in Miami or Tampa, would be more productive than conducting a Zoom mediation, and I want to give us all enough time to get that accomplished; I am not available for the rest of August, and, at present, my availability in September or October is extremely limited. Therefore, I'd like to confer with you on 1) agreeing that not filing our counterclaim with our answer is without prejudice to us filing it later if mediation is unsuccessful, adjusting any discovery deadlines to accommodate the late filing, and obtaining the court's approval for that arrangement, and 2) soliciting the court's approval to extend the deadline to engage in mediation to the end of November, or even December, depending on our calendars and mediator availability.

Please let me know if you are available either 8/7 or 8 to discuss these items.

Finally, please ensure that your clients preserve all documents, communications, and other materials and information relating to this matter, including, but not limited to, the acquisition of Chroma and Mr. Estes' employment with your clients and its aftermath.

Thanks,


Andrew DeWeese
Andrew DeWeese, PC
3055 NW Yeon Ave #527
Portland, OR 97210
(971) 303-0351
andrew@andrewdeweese.com

1
Exhibit A